**James Owen MOORE et al., Appellants,**

**v.**

**Helen LYONS et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 5, 1965.

Hobson L. James, Elizabethtown, for appellants.

Hatcher & Lewis, Harold K. Huddleston, Elizabethtown, for appellees.

CULLEN, Commissioner.

In a collision between automobiles driven by James Owen Moore and James Lyons the

latter's wife Helen, a passenger in his car, was injured. She sued James Owen Moore, his father who had provided him with the automobile, and Knox Motors, Inc., which owned the automobile. The defendants brought in James Lyons as a third-party defendant and cross-claimed against him, seeking indemnity or contribution on any recovery against them in favor of Mrs. Lyons and also asking for damages to their automobile.

On Mrs. Lyons' claim the court directed a verict releasing Knox Motors but holding the Moores liable. The issue of damages was submitted to the jury and a verdict was returned awarding her $6,250. On the cross-claims the court directed a verdict for Mr. Lyons. Judgment was entered awarding Mrs. Lyons $6,250 and dismissing the cross-claims. The defendants have appealed from the judgment.

The appellants do not seriously contend that the court erred in directing a verdict against the Moores on Mrs. Lyons' claim, or in directing a verdict against Knox Motors on its cross-claim for damages to the Moore automobile. The primary argument is that the court erred in directing a verdict in favor of Mr. Lyons on the Moores' cross-claim against him for contribution, it being contended that there was a jury issue as to whether Mr. Lyons was guilty of negligence which was a substantial contributing cause of the accident.

The accident occurred on U.S. Highway 31–W in the outskirts of Elizabethtown. The highway runs north and south at this point, there being one south-bound lane and two north-bound lanes. James Owen Moore undertook to enter upon the highway from the driveway of a hotel located on the west side of the highway. He hesitated at the curb line and was moving forward onto the highway when he saw the Lyons car approaching from the north. He applied his brakes and came to a stop with the front of his car about 8 or 10 feet out in the south-bound lane. The Lyons car struck his car at the front fender.

All witnesses agreed that the Lyons car was going 35 miles per hour as it approached the scene. The estimates of its distance from the driveway when the Moore car entered the highway varied from a minimum of 30 feet to a maximum of 84 feet. Taking the view of the evidence most favorable to Moore, the Lyons car was 84 feet away just as the Moore car began nosing out into the highway. This means that the Lyons car, traveling at 35 miles per hour, would reach the driveway entrance point in $1\frac{2}{3}$ seconds. It is a reasonable estimate that at least one second elapsed from the time Moore hesitated at the curb line until his automobile moved sufficiently out upon the highway to become a recognizable danger to oncoming traffic. During that period of one second the Lyons car traveled 50 feet. This means that when the danger became recognizable only 34 feet of traveling distance remained in which Mr. Lyons could react to the danger and take evasive action. Generally accepted stopping-distance charts show that at 35 miles per hour an automobile will travel $38\frac{1}{2}$ feet between the time the driver sees the danger and reacts sufficiently to apply the brakes.

■ In our opinion reasonable minds could not conclude that the time and distance available to Mr. Lyons were such that as an ordinarily prudent driver he should have avoided striking the Moore car. Accordingly, the trial court did not err in directing a verdict in favor of Mr. Lyons.

■ The appellants maintain that the court erred in permitting Mr. Lyons to be asked, and to answer in the negative, "Was it possible for you to stop and avoid the collision?" If error, the admission of this question and answer could not constitute prejudice unless somehow it could be considered a significant factor in the decision to direct a verdict. As hereinbefore indicated, it is our opinion that the circumstances of the accident themselves show that the accident was not avoidable by Mr. Lyons under reasonable standards of care, so the directed verdict was required regardless of the ex-

pression by Mr. Lyons of his personal view that it was not possible for him to avoid the accident.

The contention is made that the damages are excessive. There was medical testimony that Mrs. Lyons (21 years of age) had sustained a dorsolumbar spine sprain, causing a weakness in her back; that the weakness will be permanent; and that it will interfere with Mrs. Lyons' "work as a housekeeper or any strenuous activity." We think this evidence furnished sufficient basis for the amount of damages awarded.

There is a complaint concerning a statement made by counsel for Mrs. Lyons in his closing argument concerning the impossibility of treating a back injury. There is no merit in the complaint because (1) the statement was not of a nature calculated to influence the passion of the jury; (2) it was in response to an argument by defense counsel to the effect that Mrs. Lyons was not taking any treatment; and (3) an objection to the statement was sustained and there was no request for an admonition nor any motion to discharge the jury.

The judgment is affirmed.